UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SAMUEL RIEDER,
                     Plaintiff,

              -against-                              **COMPLAINT AND DEMAND FOR TRIAL BY JURY**

**FINGERHUT and EQUIFAX INFORMATION SERVICES, LLC,**

              Defendants.
-----------------------------------------------------------------x

The Plaintiff Samuel Rieder**,** (hereafter the "Plaintiff") by his attorneys Fredrick Schulman & Associates, as and for his Complaint against the defendants Fingerhut**.** (hereafter "Fingerhut") and Experian Information Solution, Inc. (hereafter "Experian") alleges as follows, upon information and belief:

## PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages and statutory attorney's fees brought pursuant to the Fair Credit Reporting Act ("FCRA") (15 USC § 1681 *et seq.*) and the New York Fair Credit Reporting Act ("NYFCRA") (General Business Law Art. 25 § 380 *et seq.*).

2. Fingerhut violated the FCRA by failing to direct Equifax to delete inaccurate information about the Plaintiff from the files maintained by Equifax.

3. In addition, Fingerhut willfully defamed the Plaintiff by repeatedly reporting information about him to various third parties which it knew, or reasonably should have known, was false. As a result of such actions and conduct, the Plaintiff suffered damage, which he is permitted to recover for in this action and he is also entitled to an award of punitive damages.

4. The credit reporting agency defendant (Equifax) violated the FCRA and NYFCRA by failing to follow reasonable procedures to assure maximum possible accuracy when preparing

credit reports purportedly concerning the Plaintiff. The credit reporting agency defendant also violated the FCRA and NYFCRA by repeatedly issuing credit reports to various third-parties, purportedly pertaining to the Plaintiff, which contained an erroneous tradeline entry which did not legitimately belong to the Plaintiff, despite having received actual notice that such entry was not his or was otherwise inaccurate.

5.  The credit reporting agency defendant repeatedly violated its obligation under the FCRA and NYFCRA to properly investigate disputed items in the Plaintiff's credit file which was maintained by it.

6.  The credit reporting agency defendant violated Plaintiff's privacy by repeatedly publishing to third-parties information purportedly about his credit which was false and which caused him to suffer injury.

7.  The credit reporting agency defendant provided the Plaintiff's credit report, containing erroneous information, to third-parties, who then used such reports to make creditworthiness determinations about him and, as a result, his credit score was adversely affected and his current credit standing with his legitimate creditors was adversely affected.

8.  The credit reporting agency willfully violated various provisions of the FCRA, as set forth herein, and the Plaintiff is thereby entitled to an award of punitive damages pursuant to the FCRA.

9.  The credit reporting agency defendant also willfully and maliciously defamed the Plaintiff by repeatedly reporting information about his credit history to various third parties which it knew, or reasonably should have known, was false. As a result of such actions and conduct the Plaintiff suffered damage which he is permitted to recover for in this action and he is also entitled to an award of punitive damages.

10.  The Plaintiff further alleges that as a direct and proximate result of each of the defendants' actions, conduct and omissions he suffered actual damage including, but not limited to, damage to his existing credit accounts, damage to his reputation, emotional distress,

annoyance, aggravation, frustration, and legal fees to secure the defendants' compliance with the FCRA and the FDCPA.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p). This Court has supplemental jurisdiction of the state law claims asserted herein under 28 U.S.C. § 1367(a) and pendant jurisdiction over the state common law claims asserted herein.

12. Venue is properly laid pursuant to 28 U.S.C. § 1391(b).

## PARTIES

13. The Plaintiff is an adult resident of the State of New York, Kings County.

14. The Plaintiff is a "consumer" within the meaning of the FCRA [15 U.S.C. § 1681a(c)] as well as within the meaning of the FDCPA [15 USC § 1692a(3)].

15. Fingerhut is a Minnesota corporation duly authorized and qualified to do business in the State of New York.

16. Fingerhut is a "furnisher of information" within the meaning of the FCRA [15 U.S.C. § 1681s-2 *et seq.*].

17. Equifax is a Georgia corporation, duly authorized and qualified to do business in the State of New York.

18. Equifax is a "consumer reporting agency" within the meaning of the FCRA [15 U.S.C. § 1681a(f)].

## FACTUAL BACKGROUND

### I. Facts Pertaining to Fingerhut

19. In or around December of 2013, Plaintiff reviewed his credit report with Experian.

20. Plaintiff's credit report stated that Fingerhut had charged off an account numbered 6276XXXXXXXXX (the "Account").

21. In or around January of 2014, Plaintiff drafted and transmitted a letter to Fingerhut in which he indicated that he was a victim of identity theft and that therefore the account was not his.

22. On January 7, 2014 Fingerhut responded with a letter indicating that they would be removing the item from Plaintiff's credit report.

23. Despite the above referenced correspondence, Fingerhut continued to report to Equifax that the Plaintiff's account was written off/charged off and he was obligated on the Account.

24. On or about January 17, 2014, the Plaintiff disputed the account with Equifax and requested, *inter alia*, that it conduct an investigation of, and delete the inaccuracy regarding, the account.

25. Upon information and belief, Equifax advised Fingerhut of the Plaintiff's dispute.

26. Despite previously indicating that they would remove the charged off account from Plaintiff's credit report, Fingerhut failed to conduct a reasonable investigation of the Plaintiff's dispute and it continued to report to Equifax that the Plaintiff was legally obligated on the account.

27. Fingerhut has continued its failure and refusal to refrain from reporting the account to Equifax as an obligation to the Plaintiff.

**II. Facts Pertaining to Equifax**

28. On January 17, 2014, the Plaintiff wrote to Equifax with reference to the account erroneously listed in his credit report.

29. In his dispute the Plaintiff identified the erroneous information in his Equifax report, and requested that Equifax delete the inaccuracy.

30. To date, however, Equifax has failed to complete its investigation and to delete the reported item from the Plaintiff's credit file.

31. Equifax has failed, and continues to fail, to conduct a proper and reasonable investigation of the Plaintiff's dispute and to delete the account from the Plaintiff's Equifax credit report.

32. Equifax has repeatedly published and disseminated such inaccurate information regarding the erroneous account in credit reports prepared about the Plaintiff which it has provided, and continues to provide, to third parties.

33. As a result, the Plaintiff has suffered, and will continue to suffer, damage.

**AS AND FOR A FIRST CAUSE OF ACTION AGAINST FINGERHUT**

34.   The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

35.   After being informed by Equifax that the Plaintiff disputed the accuracy of the information it was providing, Fingerhut negligently failed to conduct a proper investigation of the Plaintiff's dispute pertaining to the Account filed with Equifax, as required by 15 U.S.C. § 1681s-2(b)(A).

36.   Fingerhut negligently failed to review all relevant information purportedly provided by Equifax in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

37.   Fingerhut negligently failed to direct Equifax to delete inaccurate information about the Plaintiff pertaining to the Account, as required by 15 U.S.C. § 1681s-2(b)(C).

38.   The Plaintiff has a private right of action to assert claims against Fingerhut arising under 15 U.S.C. § 1681s-2(b).

39.   Fingerhut is liable to the Plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o.

**AS AND FOR A SECOND CAUSE OF ACTION AGAINST FINGERHUT**

40.   The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

41.   After being informed by Equifax that the Plaintiff disputed the accuracy of the information it was providing, Fingerhut willfully failed to conduct a proper investigation of the Plaintiff's dispute, filed with three national consumer reporting agencies, that he was not liable for the Account appearing on his credit report, as required by 15 U.S.C. § 1681s-2(b)(A).

42.   Fingerhut willfully failed to review all relevant information purportedly provided Equifax to Fingerhut in conducting its investigation, as required by 15 U.S.C. § 1681s-2(b)(B).

43. Fingerhut willfully failed to direct such consumer reporting agencies to delete inaccurate information about the Plaintiff pertaining to the Account as required by 15 U.S.C. § 1681s-2(b)(C).

44. The Plaintiff has a private right of action to assert claims against Fingerhut arising under 15 U.S.C. § 1681s-2(b).

45. Fingerhut is liable to the Plaintiff for the actual damages he has sustained by reason of its violation of the FCRA, in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST FINGERHUT

46. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

47. Fingerhut maliciously defamed the Plaintiff by its knowing publication to third-parties of erroneous information that the Plaintiff's account was written off/charged off and that Plaintiff failed to honor his obligations under the Account.

48. Fingerhut had actual knowledge of the false nature of such information and published it despite having such knowledge.

49. As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

50. Fingerhut is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct.

51. The Plaintiff is entitled to an award of punitive damages from Fingerhut in an amount sufficient to punish it for its conduct as well as to serve as a deterrent to it and to others to prevent the occurrence of such egregious conduct in the future.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST FINGERHUT

52. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

53. Plaintiff fulfilled his obligations under the Account and did so in a timely manner.

54. Fingerhut continues to report the disputed charges on the Account and it has reported his alleged failure to pay such charges to Equifax.

55. The Plaintiff is entitled to a declaration by the Court, pursuant to 28 USC § 2201 that he is not liable to Fingerhut for any of the charges on the Account and that his Account was never a one that was charged off.

56. Fingerhut's continued reporting of the Account to Equifax has caused the Plaintiff to suffer harm. Such harm will continue unless and until Fingerhut is enjoined from continuing to report to third-parties that he is liable for payment on the account.

57. The Plaintiff is entitled to an injunction directing Fingerhut to correct its records so as to delete any reference to the Plaintiff to the Account as being "charged off and/ or written off" and to refrain from advising any third parties that the Plaintiff is liable for payment on the Account .

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST EQUIFAX

58. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

59. Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d) .

60. Such reports contained information about the account that was false, misleading and inaccurate.

61. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 U.S.C. § 1681e(b) and NYFCRA § 380-j(e).

62. In addition, Equifax negligently violated NYFCRA § 380-j(a), which provides that

> No consumer reporting agency shall report or maintain in the file on a consumer, information:

(3) which it has reason to know is inaccurate.

63. As a direct and proximate result of such conduct, the Plaintiff suffered actual damage as set forth herein.

64. Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o and NYFCRA § 380-m.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST EQUIFAX

65. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

66. Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the Plaintiff, as that term is defined in 15 U.S.C. § 1681a(d) and NYFCRA § 380-a(c).

67. Such reports contained information about the account that was false, misleading and inaccurate.

68. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff or in credit reports supplied to third parties, in violation of 15 U.S.C. § 1681e(b) and NYFCRA § 380-j(e)

69. As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

70. Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, together with punitive damages in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681n and NYFCRA § 380-l.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST EQUIFAX

71. The Plaintiff repeats and realleges each and every allegation set forth above as if reasserted and realleged herein.

72. Equifax negligently failed to adopt and/or follow reasonable procedures to insure the proper reinvestigation, accuracy, deletion and/or permanent suppression of inaccurate information appearing in the Plaintiff's consumer reports as contained in its files pertaining to the Plaintiff or in credit reports supplied to third parties in violation of 15 U.S.C. § 1681i and NYFCRA § 380-f.

73. As a direct and proximate result of such conduct, the Plaintiff suffered actual damages as set forth herein.

74. Equifax is liable to the Plaintiff for the actual damages he has sustained by reason of such conduct, in an amount to be determined by the trier of fact, as well as his reasonable attorney's fees, and he may recover therefore pursuant to 15 U.S.C. § 1681o and NYFCRA § 380-m.

**WHEREFORE**, the Plaintiff demands judgment against Fingerhut and Equifax on the claims set forth above, together with the interest, costs, disbursements of this action and such other relief as may be just.

**THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL CAUSES OF ACTION ASSERTED HEREIN THAT ARE TRIABLE BY JURY.**

Dated: New York, New York
       February 26, 2014

Respectfully submitted,

By: s/ Fredrick Schulman, Esq.
Fredrick Schulman, Esq. (FS2664)
FREDRICK SCHULMAN & ASSOCIATES
Attorney for Plaintiff
30 East 29TH Street
New York, New York 10016
(212) 796-6053