# Ballard Spahr
# Stillman & Friedman LLP

425 Park Avenue
New York, NY 10022-3506
TEL 212.223.0200
FAX 212.223.1942
www.ballardspahr.com

Nathaniel I. Kolodny
Tel: 212.223.0200 ext. 8013
Fax: 212.223.1942
kolodnyn@bssfny.com

April 30, 2014

*By Electronic Filing*
The Honorable William F. Kuntz, II
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  *Samuel Reider v. Fingerhut and Equifax Information Services, LLC*, 14-cv-1836 (WFK)(RER)

Dear Judge Kuntz:

We are counsel to Defendant Fingerhut in the above-captioned matter and write pursuant to Your Honor's Individual Motion Practice and Rules, section III.B.1, to request a pre-motion conference. Fingerhut intends to file a motion under Federal Rule of Civil Procedure 12(b)(6) seeking dismissal of counts 3 and 4 against it.

The Complaint arises under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b), whereby Plaintiff alleges that Fingerhut incorrectly reported to a credit reporting agency ("CRA") that Plaintiff had an account with Fingerhut that was charged off. Plaintiff alleges that when he disputed the reporting with Defendant Equifax, Fingerhut failed to conduct a reasonable investigation of his dispute in violation of the FCRA. Based on the same facts, Plaintiff also alleges that Fingerhut defamed him and that he is entitled to a declaratory judgment and injunctive relief. The Complaint pleads seven causes of action -- four against Fingerhut and three separate causes of action (also numbered one through three) against Equifax.

Fingerhut's motion will argue that the Counts 3 and 4 against Fingerhut —for defamation and declaratory and injunctive relief—fail as a matter of law and should be dismissed. The defamation claim is squarely preempted by the FCRA, under controlling case law from the Second Circuit. *See Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir. 2011); *see also Purcell v. Bank of Am.*, 659 F.3d 622, 624–25 (7th Cir. 2011) (same).

Under binding precedent from this Circuit, the FCRA preempts Reider's defamation claim against Fingerhut because the claim arises out of Fingerhut's duties as a furnisher under § 1681s-2. Reider alleges that Fingerhut falsely reported information to Equifax, a CRA, after it allegedly learned (from Reider) that the account was not Reider's. After Fingerhut was notified by Reider that the account did not belong to him, Fingerhut's duties under § 1681s-2(a) to refrain from knowingly furnishing inaccurate credit information and to promptly investigate disputes and correct inaccurate

information were triggered. Because Reider's credit defamation claim squarely arises out of these duties, it is preempted and should be dismissed.

Fingerhut will also argue that Reider's claim for a declaratory judgment and an injunction fails. Requests for declaratory and injunctive relief are remedies at law, not causes of action. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010). Further, the declaratory and injunctive relief that Reider seeks is unsupported by a substantive claim of right to such relief. *See Propst v. Ass'n of Flight Attendants*, 546 F. Supp. 2d 14, 22–23 (E.D.N.Y. 2008) (Gershon, J.). As a result, Counts 3 and 4 of Reider's claims against Fingerhut should be dismissed.

I.  **The FCRA Preempts Reider's State-Law Defamation Claim Against Fingerhut.**

Reider's defamation claim (his third cause of action against Fingerhut) is based solely on Fingerhut's act of providing information to a CRA, Defendant Equifax. The claim is therefore expressly preempted by the FCRA, which provides that States cannot impose any "requirement" or "prohibition" "relating to the responsibility of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

Under the FCRA, furnishers of credit information, such as Fingerhut, have a duty to report accurate information to CRAs, promptly investigate disputed information when they receive a dispute from a CRA, and correct inaccurate information. 15 U.S.C. § 1681s-2(a) and (b). But there is no private right of action against the furnisher of credit information for violations of the duty to report accurately under § 1681s-2(a). *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847-ERK, 2005 WL 1153623, at *4 (E.D.N.Y. May 9, 2005) (Korman, J.).

Furthermore, under controlling case law from the Second Circuit, § 1681t(b)(1)(F) preempts *all* state-law claims relating to *any of* the duties created by § 1681s-2. *See Macpherson*, 665 F.3d at 47–48. The preemption provision states: "No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under ... section 1681s-2 of this title, relating to the responsibility of persons who furnish information to consumer reporting agencies ...." 15 U.S.C. § 1681t(b)(1)(F).

Reider alleges that Fingerhut falsely reported information to Equifax, a CRA, after it allegedly learned (from Reider) that the account was not Reider's. Fingerhut's duties to promptly investigate Reider's claim of falsely reported information were only triggered after Reider notified Fingerhut that the account did not belong to him. Because Reider's credit defamation claim squarely arises out of these duties, it is preempted and should be dismissed.

II.  **Reider's Fourth Cause of Action As to Fingerhut for a Declaratory Judgment and an Injunction Fails as a Matter of Law.**

Fingerhut will also seek to dismiss the fourth cause of action, in which Plaintiff seeks relief under 28 U.S.C. § 2201 (the Declaratory Judgment Act ("DJA")) for a declaration by the Court that he is not liable to Fingerhut for any of the charges on the account and that the account was not an

account that was charged off. In the same claim, he also seeks an injunction directing Fingerhut to correct its records as they relate to Reider and to refrain from advising any third parties that he is liable for payment on the account. This "cause of action" fails as a matter of law for several reasons.

      First, neither a request for a declaratory judgment nor a request for an injunction constitutes a separate claim. The DJA is an enabling statute that gives federal courts the discretion "to declare the legal rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). But "the DJA is 'procedural only' and 'does not create an independent cause of action.'" *Chevron Corp. v. Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012) (internal quotations omitted). Reider's fourth "cause of action" for a declaratory judgment thus fails because it is not, in and of itself, a claim for relief.

      Reider's request for an injunction fails for the same reasons, as "[t]here is no 'injunctive' cause of action under New York or federal law." *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 293 (S.D.N.Y. 1995); *see also Chiste*, 756 F. Supp. 2d at 406–07 (same). Also, to seek an injunction, Reider must allege some wrongful conduct on the part of Fingerhut for which the requested injunction is an appropriate *remedy*, *Reuben H. Donnelley Corp.*, 893 F. Supp. at 293, and Reider also "must allege that [he] will suffer irreparable harm because of the conduct, e.g., that they have no adequate remedy at law, and that the balance of equities weighs in their favor," *id.* Reider does not allege that he has been irreparably harmed or lacks a remedy at law.

      Finally, Reider has not pleaded a substantive claim that supports his request for declaratory or injunctive relief. As discussed above, Reider's defamation claim is preempted by the FCRA and, therefore, cannot serve as the legal basis on which his request for a declaratory judgment or injunction may rest. And Reider's claims for violation of the FCRA (counts 1 and 2) also do not support declaratory or injunctive relief because the FCRA does not permit a private party to seek such relief. *See White v. First Am. Registry, Inc.*, 378 F. Supp. 2d. 419, 424 (S.D.N.Y. 2005).

      Accordingly, Defendant Fingerhut respectfully requests this Court order a pre-motion conference, or grant Defendant Fingerhut leave to proceed with its motion to dismiss counts 3 and 4 of the Complaint. Should Your Honor have any questions, counsel for Fingerhut is available at Your Honor's convenience.

Respectfully submitted,

Nathaniel I. Kolodny


cc:     Frederick Schulman, Esq. (counsel for Plaintiff)