UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SAMUEL RIEDER, | |
| Plaintiff, | Civil Action No. 1:14-cv-01836-WFK-RER |
| v. | DEFENDANT FINGERHUT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS 3 AND 4 AGAINST IT |
| FINGERHUT and EQUIFAX INFORMATION SERVICES, LLC, | |
| Defendants. | |

## INTRODUCTION

Plaintiff Samuel Rieder alleges that Defendant Fingerhut, a brand of Bluestem Brands, Inc. ("Fingerhut"), incorrectly reported to a credit reporting agency that he had an account with Fingerhut that was charged off. Rieder alleges that when he disputed the reporting with Equifax, Fingerhut failed to conduct a reasonable investigation of his dispute in violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b). Based on the same facts, Rieder also alleges that Fingerhut defamed him and that he is entitled to a declaratory judgment and injunctive relief.

Counts 3 and 4 against Fingerhut—for defamation and declaratory and injunctive relief—fail as a matter of law and should be dismissed. The defamation claim is squarely preempted by the FCRA, under controlling case law from the Second Circuit. *See Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir. 2011); *see also Purcell v. Bank of Am.*, 659 F.3d 622, 624–25 (7th Cir. 2011) (same). And Rieder's claim for a declaratory judgment and an injunction also fails. Requests for declaratory and injunctive relief are remedies at law, not causes of action. *See Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010).

Further, the declaratory and injunctive relief that Rieder seeks is unsupported by a substantive claim of right to such relief. *See Propst v. Ass'n of Flight Attendants*, 546 F. Supp. 2d 14, 22–23 (E.D.N.Y. 2008) (Gershon, J.). As a result, Counts 3 and 4 of Rieder's claims against Fingerhut should be dismissed.

**FACTS**

As it must on a motion to dismiss, defendant Fingerhut takes the factual allegations (although not the legal conclusions) in the Complaint as true. *See Starr v. Sony BMG Music Entm't*, 592 F.3d 314, 321 (2d Cir. 2010); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

In December 2013, Plaintiff Samuel Rieder reviewed his credit report with Equifax and saw that the report stated he had an account with Fingerhut that was charged off. (Compl. ¶¶ 19–20).) Rieder alleges he then sent a letter to Fingerhut stating the account was not his and that he was a victim of identity theft. (Compl. ¶ 21.) According to Rieder, Fingerhut responded indicating that it would remove the item from his credit report. (Compl. ¶ 22.) Rieder claims that Fingerhut continued to report to Equifax that he had a charged-off account. (Compl. ¶ 23.) Rieder alleges that, in January 2014, he disputed the account with Equifax and asked Equifax to conduct an investigation of the account and delete it from his credit report. (Compl. ¶ 24.) Rieder believes that Equifax advised Fingerhut of his dispute and that Fingerhut failed to conduct a reasonable investigation into the dispute. (Compl. ¶¶ 24–25.) According to Rieder, Fingerhut continues to report to Equifax that Rieder is legally obligated on the account. (Compl. ¶¶ 25–26.)

Based on these facts, Rieder alleges in Counts 1 and 2 against Fingerhut that Fingerhut negligently and willfully violated the FCRA, 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the dispute it received from Equifax. (Compl. ¶¶ 34–44.) Rieder

alleges in Counts 3 and 4 against Fingerhut that based on the same facts, Fingerhut defamed him and he is entitled to a declaratory judgment and an injunction to correct his credit report. (Compl. ¶¶ 46–57.) Because Counts 3 and 4 against Fingerhut fail as a matter of law, Fingerhut now moves to dismiss those claims.

## STANDARD OF REVIEW

A complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555); *see also Starr*, 592 F.3d at 321 (quoting *Twombly*, 550 U.S. at 570); *Bowdrie v. Sun Pharm. Indus. Ltd.*, 909 F. Supp. 2d 179, 187 (E.D.N.Y. 2012) (Kuntz, J.).

## ARGUMENT

Rieder's claims for defamation and for declaratory and injunctive relief should be dismissed. First, under controlling Second Circuit case law, Rieder's defamation claim is preempted by the FCRA. Second, Rieder's "cause of action" for a declaratory judgment and injunctive relief is not a recognized claim under federal law and is not supported by any of Rieder's remaining substantive claims.

### I. The FCRA Preempts Rieder's State-Law Defamation Claim Against Fingerhut.

Rieder's defamation claim (his third cause of action against Fingerhut) is based solely on Fingerhut's act of providing information to Equifax, a credit reporting agency ("CRA" or "credit bureau"). The claim is therefore expressly preempted by the FCRA, which provides that States cannot impose any "requirement" or "prohibition" "relating to the responsibility of persons who furnish information to consumer reporting agencies." 15 U.S.C. § 1681t(b)(1)(F).

The preemption provision in § 1681t(b)(1)(F) was added to the FCRA in 1996 as part of a group of amendments that simultaneously imposed new duties on furnishers of credit information, provided a new federal cause of action for *some* of those duties, and preempted *all* State claims relating to *any* of those duties. *See* 15 U.S.C. §§ 1682s-2, 1681t(b)(1)(F).

The new duties arising out of the 1996 amendments require furnishers to report accurate information to CRAs, promptly investigate disputed information when they receive a dispute from a CRA, and correct inaccurate information. 15 U.S.C. § 1681s-2(a) and (b). A new private right of action allowed consumers to sue for violations of the duty to investigate under § 1681s-2(b) but not for violations of the duty to report accurately under § 1681s-2(a). *See Nelson v. Chase Manhattan Mortg. Corp.*, 282 F.3d 1057, 1060 (9th Cir. 2002); *Kane v. Guar. Residential Lending, Inc.*, No. 04-CV-4847-ERK, 2005 WL 1153623, at *4 (E.D.N.Y. May 9, 2005) (Korman, J.).

The preemption provision in § 1681t(b)(1)(F) preempts *all* state-law claims relating to *any of* the new duties created by § 1681s-2 (with two exceptions relating to claims under Massachusetts and California law that are not relevant here). The preemption provision states:

> No requirement or prohibition may be imposed under the laws of any State with respect to any subject matter regulated under . . . section 1681s-2 of this title, relating to the responsibility of persons who furnish information to consumer reporting agencies . . . .

15 U.S.C. § 1681t(b)(1)(F).

The 1996 preemption provision adds to, but does not replace, the original preemption provision that has been part of the FCRA since its enactment in 1970. That original provision provides that

> no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligent with respect to reporting of information against . . . any person who furnishes

> information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m . . . or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in party on the report except as to false information furnished with malice or willful intent to injury such consumer.

15 U.S.C. § 1681h(e).

The Second and Seventh Circuits are the only two appellate courts that have addressed how to reconcile the two preemption provisions, and they have both held that § 1681t(b)(1)(F) preempts any state-law claims that relate to a furnisher's duties under § 1681s-2. *See Macpherson v. JP Morgan Chase Bank, N.A.*, 665 F.3d 45, 47–48 (2d Cir. 2011); *Purcell v. Bank of Am.*, 659 F.3d 622, 624–25 (7th Cir. 2011).

In *Macpherson*, the Second Circuit expressly agreed with the Seventh Circuit's reasoning that: first, § 1681t(b)(1)(F) preempts any state-law claims that relate to a furnisher's duties under § 1681s-2 and second, that the earlier preemption provision in § 1681h(e) provides no barrier to that conclusion. Judge Easterbrook explained:

> [W]e do not perceive any inconsistency between the two statutes. Section 1681h(e) preempts some state claims that could arise out of reports to credit agencies; § 1681t(b)(1)(F) preempts more of these claims. Section 1681h(e) does not create a right to recover for willfully false reports; it just says that a particular paragraph does not preempt claims of that stripe. Section 1681h(e) was enacted in 1970. Twenty-six years later, in 1996, Congress added § 1681t(b)(1)(F) to the United States Code. The same legislation also added § 1681s-2. The extra federal remedy in § 1681s-2 was accompanied by extra preemption in § 1681t(b)(1)(F), in order to implement the new plan under which reporting to credit agencies would be supervised by state and federal administrative agencies rather than judges. Reading the earlier statute, § 1681h(e), to defeat the later-enacted system in § 1681s-2 and § 1681t(b)(1)(F), would contradict fundamental norms of statutory interpretation.

*Purcell*, 659 F.3d at 625; *see also Macpherson*, 665 F.3d at 47-48 (quoting *Purcell*).

5

Under binding precedent from this Circuit, the FCRA preempts Rieder's defamation claim against Fingerhut because the claim arises out of Fingerhut's duties as a furnisher under § 1681s-2. Rieder alleges that Fingerhut falsely reported information to Equifax, a CRA, after it allegedly learned (from Rieder) that the account was not Rieder's. After Fingerhut was notified by Rieder that the account did not belong to him, Fingerhut's duties under § 1681s-2(a) to refrain from knowingly furnishing inaccurate credit information and to promptly investigate disputes and correct inaccurate information were triggered. Because Rieder's credit defamation claim squarely arises out of these duties, it is preempted and should be dismissed.

## II. Rieder's Fourth Cause of Action for a Declaratory Judgment and an Injunction Fails as a Matter of Law.

Rieder brings a claim under 28 U.S.C. § 2201 (the Declaratory Judgment Act ("DJA")) for a declaration by the Court that he is not liable to Fingerhut for any of the charges on the account and that the account was not an account that was charged off. (Compl. ¶ 55.) In the same claim, he also seeks an injunction directing Fingerhut to correct its records as they relate to Rieder and to refrain from advising any third parties that he is liable for payment on the account. (Compl. ¶ 57.) This "cause of action" fails as a matter of law for several reasons.

First, neither a request for a declaratory judgment nor a request for injunction constitutes a separate claim. The DJA is an enabling statute that gives federal courts the discretion "to declare the legal rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). But "the DJA is 'procedural only' and 'does not create an independent cause of action.'" *Chevron Corp. v. Naranjo*, 667 F.3d 232, 245 (2d Cir. 2012) (quoting *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671, 70 S. Ct. 876, 94 L. Ed. 1194 (1950) and *Davis v. United States,* 499 F.3d 590, 594 (6th Cir. 2007)); *see also Chiste v. Hotels.com L.P.*, 756 F. Supp. 2d 382, 406–07 (S.D.N.Y. 2010) ("Declaratory judgments and injunctions are

remedies, not causes of action."). As Judge Gershon has explained, "The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.,* does not provide 'an independent cause of action' but rather its 'operation is procedural only—to provide a form of relief previously unavailable.' The court may 'only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief.'" *Propst v. Ass'n of Flight Attendants*, 546 F. Supp. 2d 14, 22–23 (E.D.N.Y. 2008) (quoting *In re Joint Eastern & Southern District Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993)), *aff'd,* 330 F. App'x 304 (2d Cir. 2009). Rieder's fourth "cause of action" for a declaratory judgment thus fails because it is not, in and of itself, a claim for relief. Rieder's request for an injunction fails for the same reasons, as "[t]here is no 'injunctive' cause of action under New York or federal law." *Reuben H. Donnelley Corp. v. Mark I Mktg. Corp.*, 893 F. Supp. 285, 293 (S.D.N.Y. 1995); *see also Chiste*, 756 F. Supp. 2d at 406–07 (same).

Second, to seek an injunction, plaintiffs must allege some wrongful conduct on the part of a defendant for which the requested injunction is an appropriate *remedy*, *Reuben H. Donnelley Corp.*, 893 F. Supp. at 293, and plaintiffs also "must allege that they will suffer irreparable harm because of the conduct, e.g., that they have no adequate remedy at law, and that the balance of equities weighs in their favor," *id.* Rieder makes no allegations of irreparable harm or that he has no adequate remedy at law.

Finally, Rieder has not pleaded a substantive claim that supports his request for declaratory or injunctive relief. As discussed above, Rieder's defamation claim is preempted by the FCRA and, therefore, cannot serve as the legal basis on which his request for a declaratory judgment or injunction may rest.

And Rieder's claims for violation of the FCRA (counts 1 and 2) also do not support declaratory or injunctive relief because the FCRA does not permit a private party to seek such

7

relief. *See White v. First Am. Registry, Inc.*, 378 F. Supp. 2d. 419, 424 (S.D.N.Y. 2005). Relying on the Fifth Circuit's thorough analysis in *Washington v. CSC Credit Servs.*, 199 F.3d 263 (5th Cir. 2000), *White* explains that FCRA §§ 1681n and 1681o, which provide for civil liability for willful and negligent noncompliance with the FCRA, speak only to monetary damages and attorney's fees. *White,* 378 F. Supp. 2d. at 421. Though § 1681s(a)(2)(C) specifically provides for injunctive relief for a violation of § 1681s-2(A)(1) (reporting information with actual knowledge of errors), *only* the Federal Trade Commission—and not a private party—may bring such a claim. *See Id.* at 423. Thus, the affirmative grant of power to the FTC to pursue injunctive relief, coupled with the absence of any express provisions for injunctive relief in §§ 1681n and 1681o, "leads to the unmistakable conclusion that Congress intended to limit injunctive relief to those instances in which it expressly authorized it." *Id.* at 424; *see also Washington*, 199 F.3d at 268 (reaching the same conclusion).[1] Accordingly, the *White* court found that plaintiff's claim for declaratory and injunctive relief under the FCRA "must be dismissed." *White,* 378 F. Supp. 2d. at 424. The reasoning of *White* applies with equal force here. The FCRA does not provide for declaratory and injunctive relief for claims brought by a private individual. Rieder's claims for violation of the FCRA thus cannot serve as the substantive basis for his requests for declaratory or injunctive relief.

Rieder's attempt to circumvent the limitation of remedies available under the FCRA to a private person by seeking a declaratory judgment *under the DJA* does not save the claim. As

---

[1] The Fifth Circuit was further convinced of this conclusion because of FCRA § 1681u, (relating to the disclosure of consumer information to the FBI). Among the remedies provided to consumers by § 1681u for noncompliance with the section is injunctive relief. *See Washington*, 199 F.3d at 269; 15 U.S.C. § 1681u(m). The Fifth Circuit thus concluded that "where Congress intended to allow private injunctive relief under the FCRA, it expressly stated that this relief was available. This language would be unnecessary if injunctive relief were otherwise available." *Washington*, 199 F.3d at 269.

other courts have concluded, even though the DJA provides for declaratory relief, it cannot be used to evade the fact that the FCRA does not allow for a declaration. *See*, *e.g.*, *McDonald v. Equifax, Inc.*, Civil Action No. 3:08–CV–0547–B, 2008 WL 5156690, at *2 (N.D. Tex. Dec. 8, 2008); *Anderson v. Capital One Bank*, 224 F.R.D. 444, 449 (W.D. Wis. 2004); *In re Trans Union Corp. Privacy Litig.*, 211 F.R.D. 328, 340 (N.D. Ill. 2002).

In sum, Rieder's claim against Fingerhut for declaratory and injunctive relief fails because it is not a separate "cause of action" and because there are no substantive claims that support the relief he seeks. Rieder's fourth cause of action against Fingerhut should be dismissed.

## CONCLUSION

For the above-stated reasons, Fingerhut respectfully asks the Court to dismiss counts three and four of Rieder's Complaint against it with prejudice.

Respectfully submitted,

**BALLARD SPAHR**
**STILLMAN & FRIEDMAN, LLP**

Dated: July 25, 2014        By:   /s/ *Nathaniel I. Kolodny*

Nathaniel I. Kolodny
425 Park Avenue
New York, New York 10022
Tel.: (212) 223-0200
Fax: (212) 223-1942
kolodnyn@bssfny.com